

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

FILED
NOV 07 2016
CLERK'S OFFICE
U.S. DISTRICT COURT
EASTERN MICHIGAN

| | | |
|---|---|---|
| United States of America, | No. | 16-CR-20636 |
| Plaintiff, | Hon. | Arthur J. Tarnow |
| v. | | |
| Gavin Awerbuch, | Offenses: | 21 U.S.C. § 841(a)(1) (controlled substance distribution) |
| Defendant. | | 18 U.S.C. § 1347 (health care fraud) |

Maximum Penalty: Thirty Years Imprisonment

Maximum Fine: $750,000 or twice pecuniary gain/loss

Maximum Supervised Release Term: Six Years

# Rule 11 Plea Agreement

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, defendant Gavin Awerbuch and the government agree as follows:

1. **Guilty Plea**

    A. **Count(s) of Conviction**

    Defendant will enter a plea of guilty to Counts One and Two of the Information.  Count One charges the defendant with Distribution of Controlled Substances, in violation of 21 U.S.C. § 841(a)(1). Count Two charges the defendant with Health Care Fraud, in violation of 18 U.S.C. § 1343.

    B. **Elements of Offense(s)**

    The elements of Count One, Distribution of Controlled Substances, are as follows:

    (1)   That the defendant, a physician, issued a prescription for a controlled substance
    (2)   That the prescription was issued outside the course of professional practice and for no legitimate medical purpose; and
    (3)   That the defendant acted knowingly and intentionally, and not in good faith.

    The elements of Count 2, Health Care Fraud, are as follows:

1

(1)  The defendant knowingly devised a scheme or artifice to defraud a health care benefit program in connection with the delivery of or payment for health care benefits, items, or services;

(2) The defendant executed or attempted to execute this scheme or artifice to defraud; and,

(3) The defendant acted with intent to defraud.

C.  **Factual Basis for Guilty Plea**

The following facts are a sufficient and accurate basis for defendant's guilty plea:

Beginning in approximately January, 2013 and continuing through approximately April, 2014 the defendant, Gavin Awerbuch, a medical doctor, knowingly and intentionally wrote prescriptions for controlled substances outside the course of professional practice and for no legitimate medical purpose. Specifically, Awerbuch knowingly and intentionally prescribed the name-brand medication Subsys, a delivery mechanism for liquid fentanyl formulations, to patients for no legitimate medical purpose. Fentanyl is a Schedule II controlled substance.

Beginning in approximately January, 2009 and continuing until approximately April, 2014, defendant Awerbuch devised and executed a scheme to defraud health insurers, including the Medicare program, by billing for neurological tests that were medically unnecessary.

2

The unlawful prescriptions written by Dr. Awerbuch caused the distribution of not fewer than 350 grams of fentanyl.   The unnecessary neurological tests billed by Dr. Awerbuch, coupled with bills submitted by pharmacies for medically unnecessary fentanyl prescriptions, caused not less than $3,141,267 in actual loss to Medicare and Blue Cross/Blue Shield of Michigan over the relevant time period.

2.   **Sentencing Guidelines**

    A.   **Standard of Proof**

The Court will find sentencing factors by a preponderance of the evidence.

    B.   **Agreed Guideline Range**

There are no sentencing guideline disputes. Except as provided below, the defendant's guideline range is 70-87 months, as set forth on the attached worksheets. If the Court finds:

1. That defendant's criminal history category is higher than reflected on the attached worksheets, or

2. that the offense level should be higher because, after pleading guilty, defendant made any false statement to or withheld information from his probation officer; otherwise demonstrated a lack of acceptance of responsibility for his offense; or obstructed justice or committed any crime,

3

and if any such finding results in a guideline range higher than 70-87 months, the higher guideline range becomes the **agreed range**. However, if the Court finds that defendant is a career offender, an armed career criminal, or a repeat and dangerous sex offender as defined under the sentencing guidelines or other federal law, and that finding is not already reflected in the attached worksheets, this paragraph does not authorize a corresponding increase in the agreed range.

Neither party may take a position concerning the applicable guidelines that is different than any position of that party as reflected in the attached worksheets, except as necessary to the Court's determination regarding subsections 1) and 2), above.

3.   **Sentence**

The Court will impose a sentence pursuant to 18 U.S.C. § 3553, and in doing so must consider the sentencing guideline range.

A.   **Imprisonment**

Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C) the sentence of imprisonment in this case may not exceed the top of the sentencing guideline range as determined by Paragraph 2B.

B.   **Supervised Release**

A term of supervised release, if imposed, follows the term of imprisonment. There is no agreement on supervised release. In other words, the Court may impose

4

any term of supervised release up to the statutory maximum term, which in this case is three years. The agreement concerning imprisonment described above in Paragraph 3A does not apply to any term of imprisonment that result from any later revocation of supervised release.

### C.    **Special Assessment**

Defendant will pay a special assessment of $200 and must provide the government with a receipt for the payment before sentence is imposed.

### D.    **Fine**

There is no agreement as to fines.

### E.    **Restitution**

The Court shall order restitution to every identifiable victim of defendant's offense and all other relevant conduct. The victims and the full amounts of restitution in this case, are as follows:

U.S. Department of Health and Human Services:    $1,916,694

Blue Cross/Blue Shield of Michigan:                        $1,224,573

### F.    **Forfeiture**

The defendant agrees to forfeit $4,100,000 in United States Currency to the United States, pursuant to 18 U.S.C. § 982(a)(1)(a) and 21 U.S.C. § 853. as the currency represents proceeds traceable to the conduct to which the defendant is pleading guilty as charged.  In return, the United States hereby agrees to dismiss the

5

following two civil forfeiture actions, <u>United States v. Miscellaneous Collectible Coins et al</u>, (Civil No. 15-12124, Ludington, J.), and <u>United States v. Real Property Located at 6320 East Red Range Way, Maricopa County, Cave Creek, Arizona,</u> (Civil No. 14-12045, Ludington, J.). In agreeing to the volunatarily dismissal of these civil forfeiture actions, the defendant hereby knowingly and voluntarily waives any and all right to reimbursement by the United States of reasonable attorney fees and litigation costs in connection with this civil forfeiture action under 28 U.S.C. § 2465(b)(1)(A) or any other statute that might conceivably apply. Further, the defendant agrees to release, remise and discharge plaintiff, the United States of America, and any of its agencies involved in this matter, including the Internal Revenue Service, the Federal Bureau of Investigation, the United States Marshal's Service, the Department of the Treasury, the United States Attorney's Office, and their agents, officers and employees, past and present, from all claims or causes of action which Claimant and his agents, officers, employees, assignees and/or successors in interest have, may have had or may have on account of the events or circumstances giving rise to the above-captioned action.

With respect to the $4,100,000, within this agreement, the defendant agrees to the entry of one or more orders of forfeiture of his interest in such property upon application by the United States at, or any time before, his sentencing in this case.

In entering into this agreement with respect to forfeiture, Defendant knowingly, voluntarily, and intelligently waives any challenge to the above-described forfeiture based upon the Excessive Fines Clause of the Eighth Amendment to the United States Constitution. Defendant further agrees to hold the United States, its agents and employees harmless from any claims whatsoever in connection with the seizure and forfeiture of property covered by this Plea Agreement.

Defendant agrees that he will cooperate with the United States by taking whatever steps are necessary to deliver clear title to the $4,100,000 to the United States and will execute such legal documents as may be required to transfer title to the United States and by taking whatever steps are necessary to ensure that the $4,100,000 is not sold, disbursed, hidden, wasted or otherwise made unavailable for forfeiture. If any other person or entity has or claims any interest in such property, defendant will assist in obtaining a release of interest from any such other person or entity. Defendant hereby agrees to execute a cashier's check made payable to the United States Treasury in the amount of $4,100,000 prior to sentencing.

Defendant acknowledges that she understands that the forfeiture of assets is part of the sentence that may be imposed in this case and waives his right to challenge any failure by the court to advise her of her rights with respect to forfeiture, set forth in Fed.R.Crim.P. 11(b)(1)(J). Defendant also expressly waives

7

his
h̶e̶r̶ right to have a jury determine the forfeitability of h̶e̶r̶ his interest in the above

identified property as provided by Rule 32.2(b)(4) of the Federal Rules of Criminal

Procedure.

The parties acknowledge that the resolution of all forfeiture matters in this

agreement is contingent upon approval at the Department of Justice. In the event

that the Department does not authorize the settlement contemplated by the parties,

the parties will reserve the determination of forfeiture matters to this court. The

United States Attorney's Office agrees to recommend that the forfeited funds be

remitted to victims to the extent of the restitution order imposed.

4.      **Use of Withdrawn Guilty Plea**

If the Court allows defendant to withdraw his guilty plea for a "fair and just

reason" pursuant to Fed. R. Crim. P. 11(d)(2)(B), defendant waives his rights under

Fed. R. Evid. 410, and the government may use his guilty plea, any statement made

under oath at the change-of-plea hearing, and the factual basis statement in this plea

agreement, against him in any proceeding.

5.      **Exclusion from Federal Health Care Programs**

The defendant understands and acknowledges that as a result of this plea, the

defendant will be excluded from Medicare, Medicaid, and all Federal health care

programs, and must surrender his license to prescribe controlled substances.

Defendant agrees to complete and execute all necessary documents provided by any

8

department or agency of the federal government, including but not limited to the United States Department of Health and Human Services and the Drug Enforcement Administration, to effectuate this exclusion within 60 days of receiving the documents. This exclusion will not affect defendant's right to apply for and receive benefits as a beneficiary under any Federal health care program, including Medicare and Medicaid.

6.   **Each Party's Right to Withdraw from This Agreement**

The government may withdraw from this agreement if the Court finds the correct guideline range to be different than is determined by Paragraph 2B. Defendant may withdraw from this agreement, and may withdraw his guilty plea, if the Court decides to impose a sentence higher than the maximum allowed by Part 3. This is the only reason for which defendant may withdraw from this agreement. The Court shall advise defendant that if he does not withdraw his guilty plea under this circumstance, the Court may impose a sentence greater than the maximum allowed by Part 3.

7.   **Appeal Waiver**

The defendant waives any right he may have to appeal his conviction on any grounds. If the defendant's sentence does not exceed 87 months, the defendant also waives any right he may have to appeal his sentence on any grounds.   If the defendant's sentence of imprisonment is at least 70 months the government waives

any right it may have to appeal the defendant's sentence. This waiver shall not be construed to bar a claim by the defendant of ineffective assistance of counsel.

## 8. Consequences of Withdrawal of Guilty Plea(s) or Vacation of Conviction(s)

If defendant is allowed to withdraw his guilty plea or if any conviction entered pursuant to this agreement is vacated, the Court shall, on the government's request, reinstate any charges that were dismissed as part of this agreement. If additional charges are filed against defendant within six months after the date the order vacating defendant's conviction or allowing him to withdraw his guilty plea becomes final, which charges relate directly or indirectly to the conduct underlying the guilty plea or to any conduct reflected in the attached worksheets, defendant waives his right to challenge the additional charges on the ground that they were not filed in a timely manner, including any claim that they were filed after the limitations period expired.

## 9. Parties to Plea Agreement

Unless otherwise indicated, this agreement does not bind any government agency except the United States Attorney's Office for the Eastern District of Michigan.

## 10. Scope of Plea Agreement

This agreement, which includes all documents that it explicitly incorporates, is the complete agreement between the parties. This agreement supersedes all other

10

promises, representations, understandings and agreements between the parties concerning the subject matter of this plea agreement that were made at any time before the guilty plea is entered in court. Thus, no oral or written promises made by the government to defendant or to the attorney for the defendant at any time before defendant pleads guilty are binding except to the extent they have been explicitly incorporated into this agreement.

Notwithstanding the previous paragraph, if defendant has entered into a proffer agreement in writing or a cooperation agreement in writing with the government, this plea agreement does not supersede or abrogate the terms of any such prior written agreement.

This agreement also does not prevent any civil or administrative actions against defendant, or any forfeiture claim against any property, by the United States or any other party.

Barbara L. McQuade
United States Attorney

_Ed K N_
_____
John K. Neal
Assistant United States Attorney
Chief, White Collar Crime Unit

_Philip A. Ross_
_____
Philip A. Ross
Assistant United States Attorney

By signing below, defendant acknowledges that he has read (or been read) this entire document, understands it, and agrees to its terms. Defendant also acknowledges that he is satisfied with his attorney's advice and representation. Defendant agrees that he has had a full and complete opportunity to confer with his lawyer, and has had all of his questions answered by his lawyer.

_____
Mark Kriger, Esq.
Lawrence H. Brenner, Esq.
Allison L. Kriger, Esq.
Attorneys for Defendant

_____
Gavin Awerbuch
Defendant

12

| Defendant: | Gavin Awerbuch | Count: | 1, 2 |
| Docket No.: | 16-20636 | Statute(s): | 21 U.S.C. § 841(a)(1), 18 U.S.C. § 1347 |

## WORKSHEET A (Offense Levels)

Complete one Worksheet A for each count of conviction (taking into account relevant conduct and treating each stipulated offense as a separate count of conviction) before applying the multiple-count rules in U.S.S.G. ch. 3, pt. D.  However, in any case involving multiple counts of conviction, if the counts of conviction are all "closely related" to each other within the meaning of U.S.S.G. § 3D1.2(d), complete only a single Worksheet A.

**1.     BASE OFFENSE LEVEL AND SPECIFIC OFFENSE CHARACTERISTICS (U.S.S.G. ch. 2)**

| **Guideline Section** | **Description** | **Levels** |
|---|---|---|
| 2D1.1 | Base Offense Level | 28 |
| | | |
| | | |
| | | |
| | | |

**2.     ADJUSTMENTS (U.S.S.G. ch. 3, pts. A, B, C)**

| **Guideline Section** | **Description** | **Levels** |
|---|---|---|
| 3B1.3 | Abuse of Position of Trust | 2 |
| 2D1.1(b)(16) | Safety Valve | -2 |
| | | |

A-1

| Defendant: | Gavin Awerbuch | Count: | 1, 2 |
|---|---|---|---|
| Docket No.: | 16-20636 | Statute(s): | 21 U.S.C. § 841(a)(1), 18 U.S.C. § 1347 |

3.   **ADJUSTED OFFENSE LEVEL**

Enter the sum of the offense levels entered in Items 1 and 2.  If this Worksheet A does not cover every count of conviction (taking into account relevant conduct and treating each stipulated offense as a separate count of conviction), complete one or more additional Worksheets A and a single Worksheet B.

28

\* \* \* \* \* \* \* \*

*If this is the only Worksheet A, check this box and skip Worksheet B.*

*If the defendant has no criminal history, check this box and skip Worksheet C.*

A-2

| Defendant: | Gavin Awerbuch | Count: | 1, 2 |
| Docket No.: | 16-20636 | Statute(s): | 21 U.S.C. § 841(a)(1), 18 U.S.C. § 1347 |

### WORKSHEET A (Offense Levels)

Complete one Worksheet A for each count of conviction (taking into account relevant conduct and treating each stipulated offense as a separate count of conviction) before applying the multiple-count rules in U.S.S.G. ch. 3, pt. D. However, in any case involving multiple counts of conviction, if the counts of conviction are all "closely related" to each other within the meaning of U.S.S.G. § 3D1.2(d), complete only a single Worksheet A.

**1.   BASE OFFENSE LEVEL AND SPECIFIC OFFENSE CHARACTERISTICS (U.S.S.G. ch. 2)**

| Guideline Section | Description | Levels |
|---|---|---|
| 2B1.1(a)(2) | Base Offense Level | 6 |
| 2B1.1(b)(1) | Loss Between $1.5 million - $3.5 million | 16 |
| 2B1.1(b)(7) | Loss to Federal Health Care Program > $1 million | 2 |
| 2B1.1(b)(10) | Sophisticated Means | 2 |
| | | |

**2.   ADJUSTMENTS (U.S.S.G. ch. 3, pts. A, B, C)**

| Guideline Section | Description | Levels |
|---|---|---|
| 3B1.3 | Abuse of Position of Trust | 2 |
| | | |
| | | |

A-1

| Defendant: | Gavin Awerbuch | Count: | 1, 2 |
|---|---|---|---|
| Docket No.: | 16-20636 | Statute(s): | 21 U.S.C. § 841(a)(1), 18 U.S.C. § 1347 |

| |
|---|

## 3.   ADJUSTED OFFENSE LEVEL

Enter the sum of the offense levels entered in Items 1 and 2.  If this Worksheet A does not cover every count of conviction (taking into account relevant conduct and treating each stipulated offense as a separate count of conviction), complete one or more additional Worksheets A and a single Worksheet B.

| 28 |
|---|

* * * * * * * *

*If this is the only Worksheet A, check this box and skip Worksheet B.*

*If the defendant has no criminal history, check this box and skip Worksheet C.*

A-2

| Defendant: | Gavin Awerbuch | Count: | 1, 2 |
|---|---|---|---|
| Docket No.: | 16-20636 | Statute(s): | 21 U.S.C. § 841(a)(1), 18 U.S.C. § 1347 |

## **WORKSHEET B (Multiple Counts)**

### **Instructions (U.S.S.G. ch. 3, pt. D):**

- Group the counts of conviction into distinct Groups of Closely Related Counts. "All counts involving substantially the same harm shall be grouped together into a single Group." (*See* U.S.S.G. § 3D1.2.)

- Determine the offense level applicable to each Group. (*See* U.S.S.G. § 3D1.3.)

- Determine the combined offense level by assigning "units" to each Group as follows (*see* U.S.S.G. § 3D1.4):

  - assign 1 unit to the Group with the highest offense level,
  - assign 1 unit to each additional Group that is equally serious as, or 1 to 4 levels less serious than, the Group with the highest offense level,
  - assign ½ unit to each Group that is 5 to 8 levels less serious than the Group with the highest offense level,
  - assign no units to each Group that is 9 or more levels less serious than the Group with the highest offense level.

**1. GROUP ONE: COUNT(S)**
ADJUSTED OFFENSE LEVEL _____1_____

**2. GROUP TWO: COUNT(S)**
ADJUSTED OFFENSE LEVEL _____2_____

**3. GROUP THREE: COUNT(S)**
ADJUSTED OFFENSE LEVEL _____

**4. GROUP FOUR: COUNT(S)**
ADJUSTED OFFENSE LEVEL _____

| 28 | 1 unit |
|---|---|
| 28 | 1 unit |
|  | unit |
|  | unit |

**5. TOTAL UNITS**

| 2 units |
|---|

B-1

| Defendant: | Gavin Awerbuch | Count: | 1, 2 |
| Docket No.: | 16-20636 | Statute(s): | 21 U.S.C. § 841(a)(1), 18 U.S.C. § 1347 |

**6.**　**INCREASE IN OFFENSE LEVEL**

| | | |
|---|---|---|
| 1 unit ——⟶ no increase | 2 1/2 – 3 units ——⟶ add 3 levels | |
| 1 1/2 units ——⟶ add 1 level | 3 1/2 – 5 units ——⟶ add 4 levels | 2 |
| 2 units ——⟶ add 2 levels | > 5 levels ——⟶ add 5 levels | |

**7.**　**ADJUSTED OFFENSE LEVEL OF GROUP WITH THE HIGHEST OFFENSE LEVEL**

28

**8.**　**COMBINED ADJUSTED OFFENSE LEVEL**

Enter the sum of the offense levels entered in Items 6 and 7.



30

| Defendant: | Gavin Awerbuch | Count: | 1, 2 |
|------------|----------------|--------|------|
| Docket No.: | 16-20636 | Statute(s): | 21 U.S.C. § 841(a)(1), 18 U.S.C. § 1347 |

## **WORKSHEET C (Criminal History)**

Date of defendant's commencement of the instant offense (taking into account relevant conduct and stipulated offenses):

## 1.   PRIOR SENTENCES

### **Prior Sentence of Imprisonment Exceeding 13 Months (U.S.S.G. §§ 4A1.1(a)):**                           **3 POINTS**

Enter 3 points for each prior adult sentence of imprisonment exceeding one year and one month that either (1) was imposed within 15 years of the defendant's commencement of the instant offenses (taking into account relevant conduct and stipulated offenses) or (2) resulted in the defendant's confinement during any part of that 15-year period. (*See* U.S.S.G. §§ 4A1.1(a), 4A1.2(d)(1), (e)(1).)

### **Prior Sentence of Imprisonment of at Least 60 Days (U.S.S.G. §§ 4A1.1(b)):**                           **2 POINTS**

Enter 2 points for each prior sentence of imprisonment of at least 60 days not counted under U.S.S.G. § 4A1.1(a) that either (1) resulted from an offense committed after the defendant turned 18 and was imposed within 10 years of the defendant's commencement of the instant offense (taking into account relevant conduct and stipulated offenses) (*see* U.S.S.G. §§ 4A1.1(b), 4A1.2(e)(2)) or (2) resulted from an offense committed before the defendant turned 18 and resulted in the defendant's confinement during any part of the 5-year period preceding the defendant's commencement of the instant offense (*see* U.S.S.G. §§ 4A1.1(b), 4A1.2(d)(2)(A)).

### **Other Prior Sentences (U.S.S.G. §§ 4A1.1(c)):**                           **1 POINT**

Enter 1 point for each prior sentence not counted under U.S.S.G. § 4A1.1(a) or (b) that either (1) resulted from an offense committed after the defendant turned 18 and was imposed within 10 years of the defendant's commencement of the instant offense (taking into account relevant conduct and stipulated offenses) (*see* U.S.S.G. §§ 4A1.1(c), 4A1.2(e)(2)) or (2) resulted from an offense committed before the defendant turned 18 and was imposed within 5 years of the defendant's commencement of the instant offense (taking into account relevant conduct  and stipulated offenses) (*see* U.S.S.G. §§ 4A1.1(c), 4A1.2(d)(2)(B)). NOTE: No more than 4 points may be added under this item.

| Defendant: | Gavin Awerbuch | Count: | 1, 2 |
| Docket No.: | 16-20636 | Statute(s): | 21 U.S.C. § 841(a)(1), 18 U.S.C. § 1347 |

| **Date of Imposition** | **Status*** | **Offense** | **Sentence** | **Release Date**** | **Points** |
|---|---|---|---|---|---|
| _____ | ____ | _____ | _____ | _____ | |
| _____ | ____ | _____ | _____ | _____ | |
| _____ | ____ | _____ | _____ | _____ | |
| _____ | ____ | _____ | _____ | _____ | |

\* If the defendant committed the offense before turning 18, indicate whether he or she was sentenced as a juvenile (J) or as an adult (A).

\*\* A release date is required in only two situations: (1) when a sentence covered under U.S.S.G. § 4A1.1(a) was imposed more than 15 years before the defendant's commencement of the instant offense (taking into account relevant conduct and stipulated offenses) but resulted in his or her confinement during any part of that 15-year period; or (2) when a sentence counted under U.S.S.G. § 4A1.1(b) was imposed for an offense committed before the defendant turned 18 but resulted in his or her confinement during any part of the 5-year period preceding his or her commencement of the instant offense (taking into account relevant conduct and stipulated offenses).

C-2

| Defendant: | Gavin Awerbuch | Count: | 1, 2 |
| Docket No.: | 16-20636 | Statute(s): | 21 U.S.C. § 841(a)(1), 18 U.S.C. § 1347 |

## 2. COMMISSION OF INSTANT OFFENSE WHILE UNDER PRIOR SENTENCE (U.S.S.G. § 4A1.1(d))

Enter 2 points if the defendant committed any part of the instant offense (taking into account relevant conduct and stipulated offenses) while under any criminal justice sentence having a custodial or supervisory component, including probation, parole, supervised release, imprisonment, work release, and escape status.  (See U.S.S.G. §§ 4A1.1(d), 4A1.2(m), (n).) List the type of control and identify the sentence from which it resulted.

## 3. PRIOR SENTENCE RESULTING FROM CRIME OF VIOLENCE (U.S.S.G. § 4A1.1(e))

Enter 1 point for each prior sentence resulting from a conviction for a crime of violence that did not receive any points under U.S.S.G. § 4A1.1(a), (b), or (c) because such sentence was considered related to another sentence resulting from a conviction for a crime of violence.  But enter no points where the sentences are considered related because the offenses occurred on the same occasion.  (See U.S.S.G. §§ 4A1.1(e), 4A1.2(p).)  Identify the crimes of violence and briefly explain why the cases are considered related. NOTE:  No more than 3 points may be added under this item.

## 4. TOTAL CRIMINAL HISTORY POINTS
Enter the sum of the criminal history points entered in Items 1-4.

## 5. CRIMINAL HISTORY CATEGORY

| Total Criminal History Points | Criminal History Category |
|---|---|
| 0-1 | I |
| 2-3 | II |
| 4-6 | III |
| 7-9 | IV |
| 10-12 | V |
| ≥ 13 | VI |

I

C-3

| Defendant: | Gavin Awerbuch | Count: | 1, 2 |
|---|---|---|---|
| Docket No.: | 16-20636 | Statute(s): | 21 U.S.C. § 841(a)(1), 18 U.S.C. § 1347 |

## WORKSHEET D (Guideline Range)

**1.** **(COMBINED) ADJUSTED OFFENSE LEVEL**
Enter the adjusted offense level entered in Item 3 of Worksheet A or the combined adjusted offense level entered in item 8 of Worksheet B.

| 30 |
|---|

**2.** **ADJUSTMENT FOR ACCEPTANCE OF RESPONSIBILITY (U.S.S.G. § 3E1.1)**

| -3 |
|---|

**3.** **TOTAL OFFENSE LEVEL**

Enter the difference between Items 1 and 2.

| 27 |
|---|

**4.** **CRIMINAL HISTORY CATEGORY**

Enter "I" if the defendant has no criminal history. Otherwise, enter the criminal history category entered in Item 6 of Worksheet C.

| I |
|---|

**5.** **CAREER OFFENDER/CRIMINAL LIVELIHOOD/ARMED CAREER CRIMINAL/DANGEROUS SEX OFFENDER (U.S.S.G. CH. 4, PT. B)**

a. <u>Total Offense Level:</u>   If the career offender provision (U.S.S.G. § 4B1.1), the criminal livelihood provision (U.S.S.G. § 4B1.3), the armed career criminal provision (U.S.S.G. § 4B1.4), or the dangerous sex offender provision (U.S.S.G. § 4B1.5) results in a total offense level higher than the total offense level entered in Item 3, enter the higher offense level total.

|  |
|---|

b. <u>Criminal History Category:</u> If the career offender provision (U.S.S.G. § 4B1.1), the armed career criminal provision (U.S.S.G. § 4B1.4), or the dangerous sex offender provision (U.S.S.G. § 4B1.5) results in a criminal history category higher than the criminal history category entered in Item 4, enter the higher criminal history category.

|  |
|---|

**6.** **GUIDELINE RANGE FROM SENTENCING TABLE (U.S.S.G. CH. 5, PT. A)**

D-1

| Defendant: | Gavin Awerbuch | Count: | 1, 2 |
|---|---|---|---|
| Docket No.: | 16-20636 | Statute(s): | 21 U.S.C. § 841(a)(1), 18 U.S.C. § 1347 |

Enter the guideline range in the Sentencing Table (*see* U.S.S.G. ch. 5, pt. A) produced by the total offense level entered in Item 3 or 5.a and the criminal history category entered in Item 4 or 5.b.

| 70-87 |
|---|

months

| Defendant: | Gavin Awerbuch | Count: | 1, 2 |
|------------|----------------|--------|------|
| Docket No.: | 16-20636 | Statute(s): | 21 U.S.C. § 841(a)(1), 18 U.S.C. § 1347 |

7. **STATUTORY RESTRICTIONS ON OR SUPERSESSION OF GUIDELINE RANGE**
If the maximum sentence authorized by statute is below, or a minimum sentence required by statute is above, the guideline range entered in Item 6, enter either the guideline range as restricted by statute or the sentence required by statute. (*See* U.S.S.G. § 5G1.1.) If the sentence on any count of conviction is required by statute to be consecutive to the sentence on any other count of conviction, explain why.

months

| Defendant: | Gavin Awerbuch | Count: | 1, 2 |
|---|---|---|---|
| Docket No.: | 16-20636 | Statute(s): | 21 U.S.C. § 841(a)(1), 18 U.S.C. § 1347 |

## WORKSHEET E (Authorized Guideline Sentences)

**1. PROBATION**

    a.    <u>Imposition of a Term of Probation</u> (U.S.S.G. § 5B1.1)

☒    1.    Probation is not authorized by the guidelines (minimum of guideline range ≥ 10 months or statute of conviction is a Class A or a Class B felony). If this box is checked, go to Item 2 (Split Sentence).

☐    2.    Probation is authorized by the guidelines (minimum of guideline range = zero months).

☐    3.    Probation is authorized by the guidelines, provided the court imposes a condition or combination of conditions requiring intermittent confinement, community confinement, or home detention satisfying the minimum of the guideline range (minimum of guideline range > 0 months but ≤ 9 months).

    b.    <u>Length of Term of Probation</u> (U.S.S.G. § 5B1.2)

☐    1.    At least 1 year but not more than 5 years (total offense level ≥ 6)

☐    2.    No more than 3 years (total offense level < 6).

    c.    Conditions of Probation (U.S.S.G. § 5B1.3)

**2. SPLIT SENTENCE (U.S.S.G. § 5C1.1(C)(2), (D)(2))**

☒    a.    A split sentence is not authorized (minimum of guideline range = 0 months or ≥ 15 months).

☐    b.    A split sentence is authorized (minimum of guideline range > 0 months but ≤ 12 months). The court may impose a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention for imprisonment, provided that at least one-half of the minimum of the guideline range is satisfied by imprisonment (if the minimum of the guideline range is 10 or 12 months), or that at least one month is satisfied by imprisonment (if the minimum of the guideline range is 1, 2, 3, 4, 6, 8, or 9 months). The authorized length of the term of supervised release is set forth below in Item 4.b.

**3. IMPRISONMENT (U.S.S.G. CH. 5, PT. C)**

A term of imprisonment is authorized by the guidelines if it is within the applicable guideline range (entered in Item 6 of Worksheet D). (*See* U.S.S.G. § 5C1.1.)

E-1

| Defendant: | Gavin Awerbuch | Count: | 1, 2 |
| Docket No.: | 16-20636 | Statute(s): | 21 U.S.C. § 841(a)(1), 18 U.S.C. § 1347 |

| Defendant: | Gavin Awerbuch | Count: | 1, 2 |
|---|---|---|---|
| Docket No.: | 16-20636 | Statute(s): | 21 U.S.C. § 841(a)(1), 18 U.S.C. § 1347 |

## 4.   SUPERVISED RELEASE (U.S.S.G. ch 5., pt. D)

a.   Imposition of a Term of Supervised Release (U.S.S.G. § 5D1.1)
The court must impose a term of supervised release if it imposes a term of imprisonment of more than one year, or if it is required to do so by statute. The court may impose a term of supervised release if it imposes a term of imprisonment of one year or less.

b.   Length of Term of Supervised Release (U.S.S.G. § 5D1.2)

| | |
|---|---|
| ☐ | 1.   At least 2 years but not more than 5 years, where the count of conviction is a Class A or a Class B felony, i.e., an offense carrying a maximum term of imprisonment ≥ 25 years. |
| [x] | 2.   At least 1 year but not more than 3 years, where the count of conviction is a Class C or a Class D felony, i.e., an offense carrying a maximum term of imprisonment ≥ 5 years but < 25 years. |
| ☐ | 3.   1 year, where the count of conviction is a Class E felony or a Class A misdemeanor, i.e., an offense carrying a maximum term of imprisonment > 6 months but < 5 years. |
| ☐ | 4.   The statute of conviction requires a minimum term of supervised release of _____ years. |

c.   Conditions of Supervised Release (U.S.S.G. § 5D1.3)
The court must impose certain conditions of supervised release and may impose other conditions of supervised release.

## 5.   RESTITUTION (U.S.S.G. § 5E1.1)

| | |
|---|---|
| ☐ | 1.   The court *must* order full restitution to the victim(s) of the offense(s) of conviction. (*See* 18 U.S.C. §§ 3556, 3663A, 3664.) The court will determine who the victims are and their restitution amounts. |
| [x] | 2.   The court *must* order full restitution to the victim(s) of the offense(s) of conviction. (*See* 18 U.S.C. §§ 3556, 3663A, 3664) The parties agree that full restitution is $ 3,141,267 . |

E-3

| Defendant: | Gavin Awerbuch | Count: | 1, 2 |
|---|---|---|---|
| Docket No.: | 16-20636 | Statute(s): | 21 U.S.C. § 841(a)(1), 18 U.S.C. § 1347 |

☐   3.   The parties agree that the court *may* order restitution to the victim(s) of the offense(s) of conviction in any amount up to and including $_____. (*See* 18 U.S.C. §§ 3663(a)(3), 3664.)

☐   4.   The parties agree that the court ***may also*** order restitution to persons other than the victim(s) of the offense(s) of conviction in any amount up to and including $_____. (*See* 18 U.S.C. §§ 3663(a)(1)(A), 3663A(a)(3), 3664.)

☐   5.   Restitution is not applicable.

6.   **FINE (U.S.S.G. § 5E1.2)**

   a.   <u>Fines for Individual Defendants</u>

   The court must impose a fine unless "the defendant establishes that he [or she] is unable to pay and is not likely to become able to pay any fine." (*See* U.S.S.G. § 5E1.2(a).) Generally, the fine authorized by the guidelines is limited to the range established in the Fine Table. (*See* U.S.S.G. § 5E1.2(b).) However, there are exceptions to this general rule. (*See* U.S.S.G. § 5E1.2(b), (c)(4).)

   b.   <u>Fine Range from Fine Table (U.S.S.G. § 5E1.2(c)(3))</u>

   **Minimum Fine**          **Maximum Fine**
   $    $10,000                        $100,000

E-4

| Defendant: | Gavin Awerbuch | Count: | 1, 2 |
|---|---|---|---|
| Docket No.: | 16-20636 | Statute(s): | 21 U.S.C. § 841(a)(1), 18 U.S.C. § 1347 |

7. **SPECIAL ASSESSMENT(S) (U.S.S.G. § 5E1.3)**
The court must impose a special assessment on every count of conviction. The special assessments for individual defendants are:

- $100.00 for every count charging a felony ($400 for a corporation),
- $25.00 for every count charging a Class A misdemeanor ($125 for a corporation),
- $10.00 for every count charging a Class B misdemeanor ($50 for a corporation), and
- $5.00 for every count charging a Class C misdemeanor or an infraction ($25 for a corporation).

The defendant must pay a special assessment or special assessments in the total amount of $ __100__ .

8. **FORFEITURE (U.S.S.G. § 5E1.4)**

| x | Assets of the defendant will be forfeited. |   | Assets of the defendant will not be forfeited. |

9. **ADDITIONAL APPLICABLE GUIDELINES, POLICY STATEMENTS, AND STATUTES**
List any additional applicable guideline, policy statement, or statute.

_____

_____

_____

10. **UPWARD OR DOWNWARD DEPARTURE (U.S.S.G. ch. 5, pts. H & K)**
List any applicable aggravating or mitigating circumstance that might support a term of imprisonment above or below the applicable guideline range.

_____

_____

_____

E-5