UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

             Plaintiff,

vs.

Gavin Awerbuch, M.D.,

             Defendant.

_____/

Case No. 16-cr-20636

Hon. Arthur J. Tarnow

## **STIPULATED PRELIMINARY ORDER OF FORFEITURE**

Plaintiff, by and through its attorneys, Matthew Schneider, United States Attorney for the Eastern District of Michigan, and Philip A. Ross, Assistant U.S. Attorney, together with Defendant Gavin Awerbuch, by and through his attorney, Mark J. Kriger, hereby submit this Stipulated Preliminary Order of Forfeiture:

On September 16, 2016, an Information was filed in the United States District Court for the Eastern District of Michigan, which charged Defendant Gavin Awerbuch in Count One, with Distribution of Controlled Substances, Aiding and Abetting, in violation of 21 U.S.C. § 841(a)(1), 18 U.S.C. § 2 and in Count Two with Health Care Fraud, in violation of 18 U.S.C. § 1347.  ECF No. 19.

The Information contains Forfeiture Allegations providing notice that upon conviction of one or more of the charged offenses, Defendant Gavin Awerbuch shall

forfeit to the United States: (a) any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of such violations; (b) any property involved in said violations, or any property traceable to such property; and (c) any property used, or intended to be used, in any manner or part, to commit or to facilitate the commission of such violations. Such property also includes, but is not limited to, a money judgment, and all traceable interest and proceeds for which the defendant is liable. Such sum in aggregate is property representing the proceeds of the aforementioned offenses, or is traceable to such property, and/or is involved in violations of Title 21, United States Code, Section 841 and Title 18, United States Code, Section 1347.

On November 7, 2016, defendant entered into a Rule 11 Plea Agreement ("Rule 11") in which he pleaded guilty to Counts One and Two of the Information. ECF No. 25. As part of his Rule 11 the defendant agreed, pursuant to 18 U.S.C. § 982(a)(1)(a) and 21 U.S.C. § 853, to forfeit $4,100,000 in United States Currency as currency representing proceeds traceable to the conduct to which the defendant pleaded guilty.

Subject to this forfeiture, the United States agrees to dismiss the following two civil forfeiture actions, <u>United States vs. Miscellaneous Collectible Coins, et al</u>, (Civil No. 15-12124, Ludington, J.), and <u>United States vs. Real Property Located at</u>

6320 East Red Range Way, Maricopa County, Cave Creek, Arizona, (Civil No. 14-12045, Ludington, J.).

Upon dismissal of these two civil forfeiture actions, the defendant hereby knowingly and voluntarily waives any and all right to reimbursement by the United States of reasonable attorney fees and litigation costs in connection with the civil forfeiture actions under 28 U.S.C. § 2465(b)(1)(A) or any other statute that might conceivably apply.

Defendant also agreed in his Rule 11 to release, remise and discharge plaintiff, the United States of America, and any of its agencies involved in this matter, including the Internal Revenue Service, the Federal Bureau of Investigation, the United States Marshal's Service, the Department of Treasury, the United States Attorney's Office, and their agents, officers and employees, past and present, from all claims or causes of action which **(Gavin Awerbuch as a claimant)** and his agents, officers, employees, assignees and/or successors in interest have, may have had or may have on account of the events or circumstances giving rise to the above civil forfeiture actions.

Defendant agrees to the entry of one or more orders of forfeiture as to the $4,100,000 in U.S. currency and his interest in such property upon application by the United States at, or any time before, his sentencing in this case.

Defendant further agrees that he knowingly, voluntarily, and intelligently waives any challenge to the above described forfeiture based upon the Excessive Fines Clause of the Eighth Amendment to the United States Constitution. Defendant further agrees to hold the United States, its agents and employees harmless from any claims whatsoever in connection with the seizure and forfeiture of property covered in the Rule 11.

Defendant agrees that he will cooperate with the United States by taking whatever steps are necessary to deliver clear title to the $4,100,000 to the United States and will execute legal documents as may be required to transfer title to the United States and by taking whatever steps are necessary to ensure that the $4,100,000 is not sold, disbursed, hidden, wasted or otherwise made unavailable for forfeiture. Defendant further agrees if any other person or entity has or claims any interest in such property, defendant will assist in obtaining a release of interest from any such other person or entity. Defendant hereby agrees to execute a cashier's check made payable to the United States Treasury in the amount of $4,100,00 prior to defendant's sentencing.

Defendant acknowledges that he understands that the forfeiture of $4,100,00 in U.S. currency is part of the sentence that may be imposed in this case and

4

waives any failure by the court to advise him of this, pursuant to Rule 11(b)(1)(J), at the time his guilty plea is accepted.

Defendant further agrees with respect to forfeiture that he expressly waives his right to have a jury determine the forfeitability of his interest in the Subject Property as provided by Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure.

The United States Attorney's Office agrees to recommend remission with the Money Laundering and Asset Recovery (MLARS) at the Department of Justice requesting that any funds forfeited up to the United States be applied toward the restitution ordered by the Court. The parties acknowledge that MLARS retains the sole discretion to either grant or deny the request of the United States Attorney's Office. The United States Attorney's Office believes that the request will likely be granted. However, in the event that the request is denied, the United States Attorney's Office will **STIPULATE** and **AGREE** that an Amended Preliminary Order of Forfeiture will be submitted. The parties agree that the court SHALL RETAIN jurisdiction to resolve any further disputes arising from this order.

If the Restitution ordered by the Court in this cases is not fully paid within one year from the date this Agreement is filed, Defendant agrees that (1) the forfeiture money judgment will not be terminated and may be satisfied, to

5

whatever extent possible, from any property owned or under the control of Defendant, (2) to satisfy the money judgment, the government may forfeit any assets Defendant has now, or may later acquire, as substitute assets under 21 U.S.C. § 853(p)(2), (3) Defendant waives and relinquishes his rights to oppose the forfeiture of substitute assets under 21 U.S.C. § 853(p)(1) or otherwise, and (4) Defendant shall assist the United States in all proceedings involving the forfeiture, disgorgement, transfer, or surrender of all rights, title, and interest, regardless of their nature or form, in assets which the government seeks to forfeit to satisfy the money judgment. Such assistance will involve an agreement on Defendant's part to the entry of an order enjoining the transfer or encumbrance of assets which may be used to satisfy the money judgment.

Pursuant to Fed. R. Crim. P. 32.2(b)(4)(A), Defendant Gavin Awerbuch agrees that this Stipulated Preliminary Order of Forfeiture shall become effective and final as to him immediately upon being entered by the Court.

NOW THEREFORE, pursuant to 21 U.S.C. § 853, 18 U.S.C. § 982(a)(1)(a), Federal Rule of Criminal Procedure 32.2, and based upon the Information, Defendant Gavin Awerbuch's guilty plea, and the information in the record,

IT IS HEREBY ORDERED THAT:

Defendant shall forfeit $4,100,000 in U.S. currency to the United States of

America. ("Subject Property"). Defendant shall execute a cashier's check made payable to the United States Treasury in the amount of $4,100,000 prior to sentencing.

The Subject Property IS HEREBY FORFEITED to the United States for disposition in accordance with the law; and any right, title or interest of Defendant, and any right, title or interest that his heirs, successors or assigns have or may have in the Subject Property IS HEREBY AND FOREVER EXTINGUISHED.

2. The United States is hereby authorized, pursuant to Federal Rules of Criminal Procedure 32.2(c), to conduct any discovery that the Court considers proper to help identify, locate, or dispose of the Subject Property, to seize any forfeitable assets identified herein which are not currently in the custody or control of the United States, and to begin proceedings consistent with applicable statutory requirements pertaining to ancillary hearings and the rights of any third parties.

3. Upon entry of this order, the United States shall publish on www.forfeiture.gov, notice of this preliminary forfeiture order and of its intent to dispose of the Subject Property in such manner as the Attorney General may direct, pursuant to 21 U.S.C. § 853(n). Said notice shall direct that any person, other than the Defendant, asserting a legal interest in the Subject Property may file a petition with the Court within thirty (30) days of the final publication of notice or of receipt

of actual notice, whichever is earlier. The petition shall be for a hearing before the Court alone, without a jury and in accordance with 21 U.S.C. § 853(n), to adjudicate the validity of the petitioner's alleged interest in the Subject Property. The petition must identify petitioner's alleged right, title or interest in the Subject Property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the Subject Property, any additional facts supporting the petitioner's claim, and the relief sought. The United States may also, to the extent practicable, provide direct written notice to any person or entity known to have an alleged interest in the Subject Property.

4. Pursuant to Fed. R. Crim. P. 32.2(b)(4), this Order shall become final as to Defendant immediately upon being entered by the Court. If no third party files a timely claim, this Order shall become the Final Order of Forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2).

5. Defendant Gavin Awerbuch releases, remises and discharges Plaintiff, the United States of America, and any of its agencies involved in this matter, including but not limited to the Internal Revenue Service, the Federal Bureau of Investigation, the United States Marshal's Service, the Department of Treasury, the United States Attorney's Office, their agents and/or supervisors, and state and local law enforcement officers and their agents, officers and employees, past and

present, from all claims or causes of action which Defendant and/or his agents, officers, employees, assignees and/or successors in interest have, may have had or may have, on account of the events or circumstances giving rise to the above-captioned action. Defendant shall hold the United States of America, and any of its agencies involved in this matter, their agents and employees harmless from any claims whatsoever in connection with the seizure or forfeiture of property in this matter.

//
//
//
//
//
//
//
//
//
//
//
//

6.     The Court shall retain jurisdiction to enforce this Order of Forfeiture, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2.

Approved as to form and substance:

Matthew Schneider
United States Attorney

s/Philip A. Ross
Philip A. Ross
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, MI  48226-3211
(313) 226-9790
philip.ross@usdoj.gov
VA Bar No. 70269


Date: February 26, 2018

s/Mark J. Kriger (with consent)
Mark J. Kriger, Esq.  (P30298)
Attorney for Defendant
645 Griswold, Suite 1717
Detroit, Michigan 48226
(313)967-0100
mkriger@sbcglobal.net


Date: February 26, 2018


s/Gavin Awerbuch (see attached page)
Gavin Awerbuch
Defendant

Date: February 26, 2018


\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*


**IT IS SO ORDERED.**

Dated: February 28, 2018         s/Arthur J. Tarnow
                                 Honorable Arthur J. Tarnow
                                 United States District Court

10

6. The Court shall retain jurisdiction to enforce this Order of Forfeiture, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2.

Approved as to form and substance:

Matthew Schneider
United States Attorney

Philip A. Ross
Philip A. Ross
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, MI 48226-3211
(313) 226-9790
philip.ross@usdoj.gov
VA Bar No. 70269

Date: February ___, 2018

Mark J. Kriger, Esq. (P30298)
Attorney for Defendant
645 Griswold, Suite 1717
Detroit, Michigan 48226
(313)967-0100
mkriger@sbcglobal.net

Date: February 21, 2018

Gavin Awerbuch
Defendant

Date: February 26, 2018

********************

**IT IS SO ORDERED.**

Dated: _____

_____
Honorable Arthur J. Tarnow
United States District Court

10