UNITED STATES OF AMERICA
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

Plaintiff,

v.   Case No. 16-CR-20636
Hon. Arthur J. Tarnow

GAVIN AWERBUCH,

Defendant.
_____/

**MOTION TO EXTEND DEFENDANT'S REPORTING DATE**

NOW COMES GAVIN AWERBUCH, M.D., defendant herein, by and through his attorney, Mark J. Kriger, and moves this Honorable Court for the entry of an Order extending the time by which he is to report to the institution to begin service of his sentence until March 19, 2018, and in support of said motion says as follows:

1. On February 26, 2018, the Court sentenced defendant to a period of 32 months in prison, and allowed him to remain free on bond pending the designation by the United States Bureau of Prisons of an institution for service of that sentence.

2. Counsel received notification from the Bureau of Prisons that Dr. Awerbuch was to report to FCI Morgantown, in Morgantown, West Virginia on April 19, 2018.

3. On March 16, 2018, a stipulation was entered extending Dr. Awerbuch's reporting date to February 5, 2019.

4. Dr. Awerbuch is a defendant in a civil action and counsel for Dr. Awerbuch in the civil action has notified undersigned counsel that Plaintiff's attorney has notified him that he will be taking Dr. Awerbuch's deposition.

5. Undersigned counsel has notified Dr. Awerbuch's attorney in the civil action that it is necessary that the deposition take place in the latter part of February or early to mid March of 2019.

5. Accordingly, Dr. Awerbuch requests that his reporting date be extended to March 19, 2019.

6. Pursuant to L.R. 7.1, on December 18, 2018, undersigned counsel sought the concurrence of Assistant United States Attorney, John Neal, and Mr. Neal indicated that he does not take a position on the relief requested, and leaves it to the Court's discretion.

WHEREFORE, Defendant prays that this Honorable Court enter an Order extending the time by which he is to report to the institution to begin service of his to March 19, 2019.

Respectfully submitted,

s/Mark J. Kriger (P30298)
LaRene & Kriger, P.L.C.
1717 Penobscot Building
645 Griswold Street
Detroit, Michigan 48226
(313) 967-0100

DATED: December 18, 2018

2

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

Plaintiff,

v.

Case No. 16-20636
Hon. Arthur J. Tarnow

GAVIN AWERBUCH, M.D.

Defendant.
_____/

**MEMORANDUM BRIEF IN SUPPORT OF
MOTION TO EXTEND REPORTING DATE**

**Question presented:** Whether Dr. Awerbuch's reporting date should be extended?

**Principal authorities:** *United States v. Benz*, 282 U.S. 304, 307 (1931); *Thompson v. U.S. Department Of Housing & Urban Development*, 404 F.3d 821 (4th Cir. 2005); *United States v. Liddy*, 510 F.2d 699, (D.C. Cir. 1974).

Unquestionably, a federal court has "inherent authority over its own judgment[s]." *Thompson v. U.S. Department Of Housing & Urban Development*, 404 F.3d 821, 833 (4th Cir. 2005). As the Supreme Court wrote in *United States v. Benz*, 282 U.S. 304, 307 (1931), this "rule is not confined to civil cases, but applies in

criminal cases as well, provided the punishment be not augmented."[1] In *United States v. Liddy,* 510 F.2d 699, (D.C. Cir. 1974) (en banc), the District of Columbia Circuit relied on this proposition to hold that a previously imposed criminal sentence could be suspended to allow the defendant to serve a later-imposed sentence for contempt.

Here, Dr. Awerbuch invokes the Court's unquestioned discretion to allow him to remain free pending execution of the Court's sentence so he can be deposed while still free on bond and in order to save the attorneys the time and expense required to depose Dr. Awerbuch in Morgantown, West Virginia.

                                                      Respectfully submitted,

                                                     s/ Mark J. Kriger
                                                   LARENE & KRIGER, P.L.C.
                                                   1717 Penobscot Building
                                                   645 Griswold Street
                                                   Detroit, Michigan 48226
                                                   (313) 967-0100

DATED: December 18, 2018

---

[1] The rule referred to by the Court in *Benz* was confined to the "term of court in which they are made." However, "terms of court" were abolished by statute in 1948. 28 U.S.C. § 138.

CERTIFICATE OF SERVICE

I hereby certify that on December 18, 2018 I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send notification of such filing to all counsel of record.

I also certify that I will provide a courtesy copy to the Chambers of the Hon. Arthur J. Tarnow on December 18, 2018.

                                                s/Mark J. Kriger
                                                LaRene & Kriger, P.L.C.
                                                1717 Penobscot Building
                                                Detroit, Michigan 48226
                                                (313) 967-0100
                                                E-mail:mkriger@sbcglobal.net
                                                Michigan Bar No. P30298